UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

KRISTIE LYNN HAAS,                                          3:12-cv-1901-TC

                Plaintiff,

                                                  ORDER

          v.

Commissioner of Social Security,

                Defendants.

COFFIN, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income benefits.

Plaintiff asserts disability beginning April 6, 2006, due to a brain injury causing migraines, fatigue, dizziness, nausea, disorientation and confusion. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled. Plaintiff contends the ALJ erred in: (1) evaluating plaintiff's mental illness; (2) discrediting plaintiff; (3) finding that plaintiff could return to her previous work; and (4) excluding certain limitations from plaintiff's residual functional capacity (RFC).

Page 1 - ORDER

On February 26, 2004, plaintiff struck her head on a steel beam at work when rising from a squatting position. Tr. 260. Plaintiff asserts debilitating symptoms resulted from this injury and she began treatment with Dr. Kirk Weller in March of 2004. Although Dr. Weller noted that her injury did not appear severe, he identified post-concussive syndrome. Tr. 830. Because of the atypical nature of her syndrome, Dr. Weller had some question as to symptom embellishment. Tr. 830. By November 23, 2004, Dr. Weller noted that plaintiff's post-concussive syndrom was complicated by emotional issues and that he had no reason to doubt her symptom complaints other than they were chiefly subjective. Tr. 817, 818.

Plaintiff began treatment with Dr. Danielle Erb in December of 2004. Dr. Erb diagnosed traumatic brain injury, with an injury to the brain's central auditory information processing as the reason for plaintiff's symptoms. Tr. 389, 383. When Dr. Erb last saw plaintiff on February 26, 2008, she noted that while plaintiff still has migraines 3-4 times per month and persistent hyperacusis, they usually resolve with Imitrex and feels her art career is beginning to move forward and was really pleased with the progress she was making. Tr. 377.

On October 8, 2008, plaintiff's friend called police after plaintiff stated "there wouldn't be a tomorrow," and plaintiff was hospitalized for plans of suicide. Tr. 422. Plaintiff was diagnosed with a single episode of severe major depression brought about primarily by financial stressors. Tr. 438-39.

Dr. Elaine Greif, after conducting a neuro-psychological screening in December of 2008, determined that plaintiff does have persistent deficits associated with her concussion in 2004, but that she has the mental capacity to work. Tr. 603. Dr. Greif's diagnosis was only to rule out malingering. Tr. 603.

Plaintiff began treatment with Dr. Thanh Long Pham in January of 2009. On May 6, 2009, Dr. Pham noted plaintiff's depression was stable on medication and noted that plaintiff maintains substantial symptoms from her head injury even though there are no significant findings from an MRI. Tr. 641-42.

Dr. Maria Armstrong-Murphy conducted a comprehensive neurology exam on November 15, 2010. Tr. 854-63. Dr. Armstrong-Murphy noted that despite plaintiff's multiple subjective complaints, there were very few objective findings. Dr. Armstrong-Murphy observed dramatic inability to ambulate, but noted lack of documentation for such limitation. Dr. Armstrong-Murphy determined that if this were plaintiff's normal functional status, she would not be independent. Tr. 856. Dr. Armstrong-Murphy could not recommend permanent impairment based on plaintiff's brain injury noting inconsistencies in the exam. Tr. 857.

The ALJ appropriately determined that the medical record contains evidence of possible malingering from more than one source. Tr. 34. As noted above, plaintiff's doctors primarily relied on her subjective complaints in determining plaintiff continues to suffer from post-concussive syndrome or traumatic brain injury and also noted general improvement upon treatment. Dr Weller questioned symptom embellishment. Dr. Greif determined plaintiff does have the mental capacity to work and specifically noted a need to rule out malingering. Moreover, Dr. Armstrong-Murphy noted plaintiff dramatized her symptoms by presenting as unable to live independently contrary to plaintiff's own report. Compare Tr. 855 (plaintiff reports to Dr. Armstrong-Murphy that she is independent with self-care, functional transfers and ambulation; she does not need assistance to manage her affairs) with Tr. 856 (dramatic demonstration of inability to ambulate suggests inability to be independent). Dr. Greif similarly noted that plaintiff's full effort, especially on memory work

was suspect. Tr. 602.

An ALJ can reject plaintiff's testimony upon finding evidence of malingering. Benton ex. rel. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). Moreover, an ALJ need not make a specific finding of malingering, so long as there is "affirmative evidence suggesting ... malingering" for the ALJ to discount a plaintiff's credibility on this basis absent other clear and convincing reasons. Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1160 n. 1 (9th Cir. 2008) (distinguishing a statement in Robbins v. Social Security Admin., 466 F.3d 880, 883 (9th Cir. 2006), as an "anomaly"). See also Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (requiring "affirmative evidence" showing that the claimant is malingering); Lester v Chater, 81 F.3d 821, 834 (9th Cir. 1995) ("Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be 'clear and convincing.' ") (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989) (there must be evidence that "affirmatively suggests that the claimant was malingering")). For this reason, the ALJ did not err in failing to fully credit plaintiff's own testimony regarding her limitations. In addition, the ALJ did provide clear and convincing reasons supported by the record for rejecting plaintiff's testimony as noted by the Commissioner. See Defendant's Brief (#23) at pp. 9-11.

Given that the ALJ appropriately discounted plaintiff's subjective complaints, plaintiff's assertion that the ALJ erred in failing to find plaintiff's mental impairments severe similarly lacks merit. Absent plaintiff's subjective complaints, the record fails to demonstrate anything other than minimal limitation on plaintiff's ability to perform basic mental work activities. To the extent plaintiff suggests that the ALJ failed to develop the record in this regard, Dr. Greif and Dr. Armstrong-Murphy conducted sufficient neurologic examinations to allow the ALJ to make an

appropriate evaluation of plaintiff's mental abilities. Similarly, the ALJ did not err in determining plaintiff could return to her past relevant work as an artist after discounting plaintiff's own self-imposed subjective limitations. At any rate, the ALJ also determined that plaintiff could perform other work given her RFC that appropriately excluded limitations found to lack credibility. The ALJ was not required to included subjective limitations, she determined to be unfounded, that plaintiff asserted before the Administration and to her medical providers.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner is affirmed.

DATED this 3 day of February, 2014.

THOMAS M. COFFIN
United States Magistrate Judge